UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

0:18-cv-61650-CIV-WPD

FLORIDALIA SANCHEZ,

    Plaintiff,

vs.

MEDNAX SERVICES, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Floridalia Sanchez ("Plaintiff"), by and through the undersigned counsel, hereby sues Mednax Services, Inc. ("MEDNAX") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages in excess of this court's jurisdiction requirements, reasonable attorneys' fee and costs, and all other remedies allowable by law.

### PARTIES, JURISDICTION AND VENUE

3. MEDNAX is and was a Florida corporation conducting business in Broward County, Florida during the relevant period.

4. Plaintiff was employed by MEDNAX in Broward County, Florida during the relevant period.

5. Venue is proper in this Court because MEDNAX transacts business in this District, MEDNAX maintains a principal place of business in this District, MEDNAX employed Plaintiff in this District, and the claims arose within this District.

## GENERAL ALLEGATIONS

**A. <u>Defendant's Business and Interstate Commerce.</u>**

6. MEDNAX is a company that renders health care related solutions.

7. Among other things, MEDNAX seeks to optimize clinical, financial, and operation performance of health care providers.

8. During the relevant period, MEDNAX provided services for clients throughout the United States.

9. Upon information and belief, MEDNAX's annual volume of sales or business exceeded $500,000 during every year covered by the relevant period.

10. At all relevant times, MEDNAX employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

11. Upon information and belief, MEDNAX obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

12. MEDNAX, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

13. MEDNAX is an employer engaged in interstate commerce and subject to the FLSA.

**B. Defendant's Employment of Plaintiff.**

14. Plaintiff became employed by MEDNAX (through its predecessor) in or around 2003.

15. During the relevant period, worked as a Collections Administrator for MEDNAX.

16. Among other things, Plaintiff would communicate with insurance companies to get claims processed and verify patient information.

17. At all relevant times, Plaintiff was paid on an hourly basis.

18. Plaintiff was generally paid at a rate of $17 per hour during the relevant period.

19. Defendant was Plaintiff's employer during the relevant period as the term employer is defined by 29 U.S.C. § 203.

**C. The Quota Requirements And Job Pressures.**

20. Plaintiff and other Collections Administrators were under intense scrutiny by MEDNAX during the relevant period.

21. MEDNAX, for example, would impose rigorous daily quotas.

22. Through the quotas, MEDNAX would gauge the efficiency of Collections Administrators per hour.

23. In addition to the weight of having to meet MEDNAX's rigid quantitative requirements, Collections Administrators were subjected to comprehensive qualitative audits.

24. Collections Administrators were in a constant pressure cooker.

**D. <u>Plaintiff Consistently Worked Overtime Hours For Which She Was Not Properly Compensated.</u>**

25. Through the incessant pressure, MEDNAX forced Plaintiff to work off-the-clock.

26. Plaintiff would continue working after clocking out for the day to keep up with MEDNAX's impossible standards.

27. MEDNAX was aware of Plaintiff's off-the-clock work.

28. MEDNAX benefitted from Plaintiff's off-the-clock work.

29. Yet, MEDNAX did not pay Plaintiff for the off-the-clock work.

30. Such off-the-clock work would, at times, result in Plaintiff working overtime hours.

31. MEDNAX did not pay Plaintiff for the off-the-clock work that amounted to overtime work.

**COUNT I**

**<u>OVERTIME VIOLATION BY MEDNAX UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF</u>**

32. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 of above as if fully set forth herein.

33. As a company that rendering health care related solutions throughout the United States, MEDNAX was involved in interstate commerce during the relevant period.

34. Upon information and belief, MEDNAX's annual volume of sales or business exceeded $500,000 during every year of the relevant period.

35. At all relevant times, MEDNAX employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from

a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

36. Upon information and belief, MEDNAX obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

37. MEDNAX, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

38. MEDNAX is an employer subject to the FLSA.

39. During her employment with MEDNAX, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regular rate of pay as required by the FLSA.

40. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

41. In addition, MEDNAX is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against MEDNAX under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

    e.    Award Plaintiff all recoverable interest; and

    f.    Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  July 31, 2018

        Respectfully submitted,

        By: */s/ J. Freddy Perera*
        J. Freddy Perera, Esq.
        Florida Bar No. 93625
        freddy@pererabarnhart.com
        Valerie B. Barnhart, Esq.
        Florida Bar No. 88549
        valerie@pererabarnhart.com
        **PERERA BARNHART, P.A.**
        12555 Orange Drive, 2nd Floor
        Davie, Florida 33330
        Telephone: 786-485-5232

        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

Respectfully submitted,

*/s/ J. Freddy Perera*
J. Freddy Perera, Esq.

**SERVICE LIST**

**Jesse I. Unruh, Esq.**
Jesse.Unruh@jacksonlewis.com,
orlandodocketing@jacksonlewis.com,
rundells@jacksonlewis.com
**Donald C. Works, III, Esq.**
worksd@jacksonlewis.com,
herreraj@jacksonlewis.com
**JACKSON LEWIS P.C.**
390 N. Orange Avenue, Suite 1285
Orlando, FL 32801
Telephone: (407) 246-8440

*VIA CM/ECF*