UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

|  |  |
|---|---|
| FLORIDALIA SANCHEZ, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 0:18-cv-61650-WPD |
| MEDNAX SERVICES, INC. a Florida profit corporation | ) |
| Defendant. | ) |

**DEFENDANT MEDNAX SERVICES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, MEDNAX Services, INC. ("Defendant"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8, 12 and 15 files this Answer to the consecutively-numbered paragraphs of Plaintiff, FLORIDALIA SANCHEZ'S ("Plaintiff"), Amended Complaint (the "Amended Complaint"), and asserts its defenses as follows:

**Introduction**

1. Defendant admits only that Plaintiff purports to bring this action for unpaid overtime wages pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq*. Defendant, however, denies any wrongdoing and further denies Plaintiff is entitled to any damages or other relief requested.

2. Defendant admits only that Plaintiff seeks damages, attorney's fees, costs, and other relief, but Defendant denies Plaintiff is entitled to any requested relief.

**Parties, Jurisdiction and Venue**

3. Defendant admits the allegations set forth in paragraph 3 of the Amended Complaint.

4. Defendant admits the allegations set forth in paragraph 4 of the Amended Complaint.

5. Defendant admits the allegations set forth in paragraph 5 of the Amended Complaint, Defendant, however, denies that Plaintiff is entitled to any of the relief requested.

**Responses to General Allegations**

**A. Defendant's Business and Interstate Commerce**

6. Defendant admits the allegations set forth in paragraph 6 of the Amended Complaint.

7. Defendant admits the allegations set forth in paragraph 7 of the Amended Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Amended Complaint.

9. Defendant admits the allegations set forth in paragraph 9 of the Amended Complaint.

10. Defendant admits that it employs two or more employees. Defendant denies the remaining allegations set forth in paragraph 10 of the Amended Complaint.

11. Defendant admits the allegations set forth in paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations set forth in paragraph 12 of the Amended Complaint.

13. Defendant admits the allegations set forth in paragraph 13 of the Amended Complaint.

B. **Defendant's Employment of Plaintiff**

14. Defendant denies the allegations set forth in paragraph 14 of the Amended Complaint.

15. Defendant admits Plaintiff held the title Collection Administrator II. Defendant denies the remaining allegations set forth in paragraph 15 of the Amended Complaint.

16. Defendant admits the allegations set forth in paragraph 16 of the Amended Complaint.

17. Defendant admits the allegations set forth in paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Amended Complaint.

19. Defendant admits the allegations set forth in paragraph 19 of the Amended Complaint.

C. **The Alleged Quota Requirements and Job Pressures**

20. Defendant denies the allegations set forth in paragraph 20 of the Amended Complaint.

21. Defendant is without knowledge as to what "quotas" Plaintiff is addressing in paragraph 21 of the Amended Complaint and therefore denies the allegations set forth therein.

22. Defendant is without knowledge as to what "quotas" Plaintiff is addressing in paragraph 22 of the Amended Complaint and therefore denies the allegations set forth therein.

23. Defendant denies the allegations set forth in paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Amended Complaint.

**D. Plaintiff's Allegations of Consistently Working Overtime Hours for Which She Claims She Was Not Properly Compensated**

25. Defendant denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Amended Complaint.

28. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 29 of the Amended Complaint.

30. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 30 of the Amended Complaint.

31. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 31 of the Amended Complaint.

## COUNT I
## Alleged Overtime Violation by Mednax Under the Fair Labor Standards Act as to Plaintiff

32. Defendant incorporates by its responses to paragraphs 1-31 of the Amended Complaint above as though fully set forth herein.

33. Defendant admits the allegations set forth in paragraph 33 of the Amended Complaint.

34. Defendant admits the allegations set forth in paragraph 34 of the Amended Complaint.

35. Defendant admits that it employs two or more employees. Defendant denies the remaining allegations set forth in paragraph 35 of the Amended Complaint.

36. Defendant admits the allegations set forth in paragraph 36 of the Amended Complaint.

37. Defendant admits the allegations set forth in paragraph 37 of the Amended Complaint.

38. Defendant admits the allegations set forth in paragraph 38 of the Amended Complaint.

39. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 39 of the Amended Complaint.

40. Defendant is without knowledge and therefore denies the allegations set forth in paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph immediately following paragraph 41 of the Amended Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits Plaintiff demands a trial by jury, but denies Plaintiff will be able to present any issue of fact for a jury to determine.

## GENERAL DENIAL

To the extent not expressly admitted herein, the allegations in the Amended Complaint are denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff.

## FIRST DEFENSE

Some or all of Plaintiff's claims are *de minimis* and/or are barred by the *de minimis* rule.

## SECOND DEFENSE

Plaintiff's claim under the FLSA is barred to the extent that Plaintiff seeks damages beyond the applicable individual limitations periods.

## THIRD DEFENSE

Plaintiff's claim under the FLSA is barred to the extent that Plaintiff cannot establish that any acts or omissions of Defendant were willful under the FLSA.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent that Plaintiff is seeking compensation for time which is non-compensable and/or non-working time

## FIFTH DEFENSE

Plaintiff's claim under the FLSA is barred to the extent that Plaintiff submitted false and inaccurate time records or statements of hours worked.  In such situations, Plaintiff's claim is barred in whole or in part by the doctrines of estoppel and unclean hands.

## SIXTH DEFENSE

Plaintiff's claim for unpaid overtime is barred to the extent Plaintiff's claimed overtime hours were never reported to Defendant during Plaintiff's employment. Defendant could not reasonably have been aware of Plaintiff's claimed but unreported overtime hours, and such hours are not compensable under the FLSA.

## SEVENTH DEFENSE

Plaintiff's claim under the FLSA is barred by application of the doctrine of payment.  Plaintiff has been paid all wages due.

## RESERVATION OF RIGHTS

Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendant, MEDNAX, Inc., prays as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff and that the Amended Complaint herein be dismissed with prejudice;

2. That Defendant be awarded its costs of suit;

3. That Defendant be awarded reasonable attorneys' fees as may be determined by the Court; and

4. For such other relief as the Court may deem just and proper.

DATED this 9th day of August, 2018.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Orlando, Florida 32801
        Telephone:  (407) 246-8440
        Facsimile:  (407) 246-8441

        By: *Donald C. Works, III*
            Donald C. Works, III
            Florida Bar No. 0340308
            worksd@jacksonlewis.com

            Jesse I. Unruh
            Florida Bar No. 0093121
            jesse.unruh@jacksonlewis.com

        Attorneys for Defendant, MEDNAX SERVICES, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2018, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and a copy was furnished by e-mail and U.S. Mail to the parties of record on the Service List below.

*Donald C. Works, III*
Donald C. Works, III

## SERVICE LIST

J. Freddy Perera, Esq.
Valerie B. Barnhart, Esq.
Perera Barnhart
12555 Orange Drive, Second Floor
Davie, FL 33330

4824-3465-7647, v. 1