**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

|  |  |
|---|---|
| **FLORIDALIA SANCHEZ,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **MEDNAX SERVICES, INC.,** a Florida ) <br> profit corporation, ) <br> ) <br> **Defendant.** ) <br> ) | CASE NO.  0:18-cv-61650-WPD |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF PLAINTIFF'S CLAIM *WITH PREJUDICE*, AND INCORPORATED MEMORANDAUM OF LAW**

Plaintiff, FLORIDALIA SANCHEZ ("Plaintiff") and Defendant, MEDNAX SERVICES, INC. ("Defendant"), through their undersigned counsel, jointly move this Court for entry of an Order approving the settlement reached by the parties in this suit instituted under the Fair Labor Standards Act ("FLSA") and dismissing this action, with prejudice, and in support hereof, state:

**I. Background**

    **A. Proceedings in State Court Prior to Removal**

1. Plaintiff filed her one count Complaint on June 8, 2018, in state court alleging that Defendant violated the FLSA by requiring Plaintiff to work off the clock and therefore failed to pay the overtime compensation that was due under the law. (Doc. 1-2).

2. On July 19, 2018, Defendant removed this lawsuit to this Court. (Doc. 1).

### B. Proceedings in This Court

1. Following removal, Plaintiff filed an Amended Complaint (Doc. 8) and Defendant Answered the Amended Complaint (Doc. 9).

2. Throughout the pendency of this lawsuit the parties have engaged in discussions as to the Plaintiff's factual assertions.

3. Plaintiff claims that she was not paid for hours she allegedly worked "off-the-clock" and seeks unpaid overtime compensation, liquidated damages, interest, costs, and attorneys' fees associated with her claims (Doc. 8). Defendant vehemently denies Plaintiff's allegations and contends that Plaintiff has been paid for all hours worked.

3. Despite the parties' disagreement they were able to resolve Plaintiff's claims. The settlement was reached after a review of relevant information and the account of Plaintiff as relayed by her counsel. The case involved disputed issues of liability and damages.

4. The parties stipulate that the negotiated compromise and settlement reached between the parties represents a "fair" resolution of Plaintiff's FLSA claim, as well as Plaintiff's reasonable attorneys' fees and costs. The settlement amount paid to Plaintiff and the attorneys' fees were independently negotiated. The parties also stipulate that the settlement reached between them advances judicial economy.

5. Despite the defenses to Plaintiff's claims in this matter, to avoid the costs and uncertainty of further litigation, Defendant has agreed to a compromise resolving Plaintiff's FLSA claim. As set forth in the Settlement Agreement attached hereto as Exhibit "A" and submitted for the Court's review (the "Agreement"), Defendant has agreed to pay Plaintiff $1,374.36 as alleged overtime compensation, $1,374.36 as alleged liquidated damages and $2,666.00 as attorneys' fees and costs. Defendant made the decision to settle this case, even

though it denies liability and the Plaintiff's claims herein were defensible, for the sole purpose of ending the expense of attorneys' fees, which Defendant knows will far outweigh the cost of settlement.

6.   Both Plaintiff and Defendant have been represented by counsel throughout the negotiation process. The parties agree, based on the scope of the claim and the costs of continued litigation that the settlement of Plaintiff's FLSA claim represents a fair and reasonable resolution that should be approved by the Court.

## MEMORANDUM OF LAW

### I.   Standard of Review.

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

In accordance with *Lynn's Food*, the Court's review of the attached Agreement is to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement

3

of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiffs success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See, e.g, Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

**II.     There is a Bona Fide Dispute as to Plaintiff's Claim and All of the Relevant Criteria Support Final Approval of the Settlement**

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee, and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due.  706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In this case, Plaintiff claims that, during the relevant two-year period, she worked an average of two hours of overtime per week "off the clock" (208 hours) at an average overtime rate of $26.43 ($17.62/hour × 1.5) and was not paid for those hours. Defendant denies Plaintiff's allegations and contends Plaintiff did not work "off the clock" as she claims. After considering the risks and expense of further litigation, Plaintiff and Defendant agreed to a compromise of Plaintiff's claim.

As a compromise, pursuant to the Agreement, Plaintiff is being paid overtime compensation for one hour of alleged overtime every other week during the relevant two year

4

period (i.e., 52 hours) at an overtime rate of $26.43 for a total of $1,374.36.  Plaintiff is also receiving a like amount as alleged liquidated damages.  In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA.  *Dees,* 706 F. Supp. 2d at 1243-44.  Compromise may be permissible if, for example, the FLSA issue in a case is unresolvably close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution.  *Id.* at 1244.  Here, the parties agree that there is a bona fide dispute as to whether Plaintiff worked "off-the-clock" and whether she was properly paid overtime for all hours worked.

In *Dees*, the Court also provides several "external" factors that may commend rejecting a proposed compromise, such as a likelihood that the Plaintiff's circumstances will recur and a history of FLSA non-compliance by the same employer or others in the same industry or geographic region.  *Id*.  In this case, these "external" factors do not exist and the parties' compromise does not frustrate implementation of the FLSA.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994, *11-12 (M.D. Fla. Dec. 21, 2006).  Here, each party was independently represented by counsel.  Plaintiff was represented by J. Freddy Perera, Valerie Barnart and Waynice Green of Perera Barnhart, and Defendant was represented by Donald C. Works, III and Jesse I. Unruh of Jackson Lewis P.C.  All counsel involved have experience in litigating claims under the FLSA, including claims for overtime compensation.  Each counsel was obligated to and did vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of the claim asserted by Plaintiff. If the parties continued to litigate this matter, they would be forced to engage in a costly discovery and trial in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

There has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. The parties exchanged information regarding Plaintiff's hours and pay. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Finally, Plaintiff's probability of success on the merits and the amount she would be awarded is uncertain, further suggesting that this settlement is fair and appropriate. As noted previously, the range of possible recovery by Plaintiff is also open to dispute. Even if Plaintiff succeeded on the merits of her claim, which would require substantial additional time and exercise of resources by both parties, the exact amount of her recovery, if any, is uncertain.

### III.   The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 U.S. Dist. LEXIS at *6-7. Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to her attorney, the Court [should] approve the settlement without

separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

In this case, the fee to be paid as part of the resolution of Plaintiff's claims was agreed upon by the parties separately and without regard to the amount paid to Plaintiff. Plaintiff's FLSA claim was not compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract or otherwise. The parties further stipulate that the proposed fees to Plaintiff's counsel as to this claim are reasonable. Accordingly, because the settlement is reasonable on its face and Plaintiff's recovery was not adversely affected by the amount of the fees paid to her attorney, the parties respectfully suggest that the Court should approve the settlement of the Plaintiff's FLSA claim.

WHEREFORE, Plaintiff, FLORIDALIA SANCHEZ and Defendant, MEDNAX SERVICES, INC., respectfully request that this Court find the Agreement to be fair and reasonable and dismiss this action with prejudice.

DATED this 27th day of September, 2018.

Respectfully submitted,

| | |
|---|---|
| PERERA BARNHART<br>12555 Orange Drive, 2nd FL<br>Davie, FL 33330<br>Telephone:  (786) 485-5232 | JACKSON LEWIS P.C.<br>390 North Orange Avenue, Suite 1285<br>Orlando, Florida 32801<br>Telephone:    (407) 246-8440<br>Facsimile:     (407) 246-8441 |
| By:   */s/ Freddy Perera*<br>        Freddy Perera<br>        Florida Bar No. 93625<br>        freddy@pererabarnhart.com<br><br>        Valerie Barnhart<br>        Florida Bar No. 88549<br>        valerie@pererabarnhart.com | By:   */s/ Donald C. Works, III*<br>        Donald C. Works, III<br>        Florida Bar No.  0340308<br>        worksd@jacksonlewis.com<br><br>        Jesse I. Unruh<br>        Florida Bar No. 0093121<br>        jesse.unruh@jacksonlewis.com |
| Attorneys for Plaintiff, FLORIDALIA SANCHEZ | Attorneys for Defendant |

4845-4951-1281, v. 2